## SHEMWELL *v.* FINLEY.

### Opinion delivered December 7, 1908.

FERRIES—TRANSPORTATION BY ONE NOT LICENSED.—Kirby's Digest, § 3582, making one not licensed to keep a ferry liable to a penalty if he shall charge any person any money or other valuable thing for transporting him, is violated where a non-licensed ferryman transported persons in consideration of their assisting in repairing his ferry boat.

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; reversed.

*G. B. Oliver,* for appellant.

Not only was the fourth instruction given by the court erroneous, but the instruction requested by the plaintiff is the law and should have been given. Labor is a "valuable thing," and afforded a sufficient consideration to support the promise of defendant to give ferriage to the parties who performed labor on the boat. Kirby's Digest, § 3582; 9 Cyc. 308, 311; Bishop on Contracts, § 38.

*F. G. Taylor,* for appellee.

The questions in this case are settled in 44 Ark. 184. The fourth instruction is correct. *Id.*; 19 Cyc. 501.

BATTLE, J. On the 26th of June, 1906, C. R. Shemwell brought an action against William Finley and J. E. Talley for

penalties for violation of section 3582 of Kirby's Digest, which is as follows:

"If any person shall keep any ferry over any navigable stream, for which he shall charge any person any money or any other valuable thing, without complying with the provisions of law in relation to obtaining license, he shall forfeit and pay to every other person having a licensed ferry on the same stream or lake, in the same county, five dollars for every person so ferried, and the same sum for every wagon or other article so transported, which may be the subject of a separate charge, to be sued for and recovered by civil action, founded in this statute, with costs of prosecution."

He alleges that he is licensed to operate, and is operating, a ferry across Current River in the Western District of Clay County, in this State, for the purpose of transporting passengers and freight. That the defendants are now, and for ten months last past have been, unlawfully and wrongfully operating a ferry across the same stream, and in the same district and county, and within one mile of plaintiff's ferry, and have wrongfully and unlawfully transported certain persons named across the river for hire, and have thereby become liable to plaintiff in the sum of $750, as a penalty for the violation of the statute. And he asked for judgment for that amount.

The defendants answered and denied the allegations of the complaint.

Defendants recovered judgment, and plaintiff appealed.

In the trial of the issues in the action before a jury evidence was adduced which tended to prove that plaintiff was licensed to operate a ferry, owned by him, across Current River, in the western District of Clay County, for the year 1906, and in pursuance of his license operated the same; that Finley owned a place on that river about a mile or less from plaintiff's ferry, and Talley rented it in the year 1906; that about the first of February, 1906, there was an old ferry boat there, part of it being in water and part on land; that Finley agreed to repair the boat and put it into the river, and defendants were to operate it; that many persons, in consideration of the promise of Finley that they should be transported arcoss the river at such place free of charge, whenever they desired to cross, until the first day of

January, 1907, assisted in repairing and launching the boat, and in pursuance of such provision many or all of them were transported in such boat across the river, free of additional charge, Talley propelling the boat. Many were transported across the river in the boat under a tacit agreement that the ferryman should receive compensation by money dropped as donations, but really as compensation, on the bottom of the boat, when they crossed.

The court instructed the jury, in part, over the objections of plaintiff as follows:

"You are instructed that the defendant and all citizens have the right to cross the river and their properties and families and the members thereof at all times in their own craft without being liable therefor, and that, as to such persons as were ferried across the river in consideration of their assisting in the repairing and putting in shape of the boat to operate, there can be no recovery for such persons so ferried."

And refused to instruct the jury at the request of plaintiff as follows:

"If you find from the evidence that defendant Finley, either by himself or by some one so directed by him, procured the service of certain persons in repairing and launching this ferry boat by the agreement that thereafter they should have free ferriage, and that said persons thereafter were crossed on the ferry without paying anything for their transportation other than the labor as aforesaid, you will find for the plaintiff."

The persons assisting in repairing and launching the boat acquired no interest in the boat. They were to be compensated by transportation in the ferry boat across the river for the stipulated time, and their services were valuable things charged in advance by the defendants for such transportation which they or some of them afterwards received. This was a violation of section 3582 of Kirby's Digest; and appellant is entitled to recover the penalties provided by the statute.

In *Hunter* v. *Moore,* 44 Ark. 184, cited by appellee, no compensation was charged or received as in this case; and that case decides no question in this.

The trial court erred to the prejudice of appellant in instructing the jury in the manner stated.

Reversed and remanded for a new trial.